NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR FAGOAGA RAMOS, | No. 20-70775 |
| Petitioner, | Agency No. A202-185-275 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2026**
San Francisco, California

Before: COLLINS, JOHNSTONE, and DE ALBA, Circuit Judges.

Petitioner Hector Fagoaga Ramos ("Fagoaga"), a native and citizen of El

Salvador, petitions for review of the Board of Immigration Appeals' ("BIA")

dismissal of his appeal of an immigration judge's ("IJ") denial of his application

for asylum, withholding of removal, and protection under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition.[1]

"When, like here, the BIA issues its own decision but adopts particular parts of the IJ's reasoning, we review both decisions." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). We review the denial of asylum, withholding of removal, and CAT protection for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We also review adverse credibility determinations for substantial evidence. *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021); *see* 8 U.S.C. § 1158(b)(1)(B)(iii). Under this standard, we must uphold the BIA's determination unless the evidence compels a contrary conclusion. *Duran-Rodriguez*, 918 F.3d at 1028.

1. We first address Fagoaga's challenge to the IJ's adverse credibility finding. Per the REAL ID Act, IJs "must base credibility determinations on 'the totality of the circumstances, and all relevant factors.'" *Kumar*, 18 F.4th at 1151 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). "Because the BIA's decision to uphold the IJ's credibility determination rested on only two grounds, we consider only those

---

[1] The BIA did not err in refusing to consider for the first time on appeal Fagoaga's asylum claim based on a proposed particular social group ("PSG") because he had expressly disavowed it before the IJ. As a result, the PSG claim is unexhausted, and we cannot review it. *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (explaining that the exhaustion requirement in § 1252(d)(1) is a mandatory claims-processing rule "in the sense that a court must enforce the rule if a party properly raises it" (citation modified)).

specific grounds in reviewing the BIA's decision." *Shen v. Garland*, 109 F.4th 1144, 1152–53 (9th Cir. 2024) (citing *Iman*, 972 F.3d at 1064–65).

First, the agency found that there were material inconsistencies between Fagoaga's credible fear interview and his testimony with respect to the identity of his attackers. Specifically, Fagoaga testified that he was sure the 18th Street gang was the one that had attacked him in February 2014 because he specifically saw the attackers' tattoos which were all over their bodies and faces and he would not get the 18th Street gang confused with any other gang. Yet, at his credible fear interview, he stated that the MS-13 Gang was the one that attacked him. Because this "inconsistency is at the heart of [Fagoaga's] claim[,] it doubtless is of great weight." *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010).

Second, the BIA held that Fagoaga had "not meaningfully challenged the inconsistencies pertaining to his parents' ages and dates of birth reflected in the various Salvadoran identity documents" that he had submitted. Fagoaga contends before this court, as he did before the BIA, that he was not afforded a sufficient opportunity to explain the asserted inconsistencies on this score, because the IJ raised the point for the first time in her oral ruling. The Government's only response is to contend that the Government's foundation objections were sufficient to alert Fagoaga to the need to address the authenticity and accuracy of the documents, but the record belies that contention. The identity documents in

3

question comprised Fagoaga's birth certificate and his parents' death certificates and autopsy reports, but the only objection the Government lodged to these documents was that there was no English translation for the mother's autopsy report. Although the discrepancies in the listed ages were thus never called to Fagoaga's attention before the IJ issued its oral ruling, the IJ and the BIA relied on them in finding that Fagoaga was not credible. In doing so, the agency squarely contravened the settled rule that "[i]f the IJ relies upon purported inconsistencies to make an adverse credibility determination, the IJ must provide the noncitizen with an opportunity to explain each inconsistency." *De Leon v. Garland*, 51 F.4th 992, 1003 (9th Cir. 2022) (citation omitted).

In *Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021) (en banc), we overruled our prior caselaw holding that any single valid ground for an adverse credibility determination would be sufficient to uphold it. *Id*. at 1136–37. Instead, we held that, when (as here) we are confronted with a combination of valid and invalid grounds, we must assess "the totality of the circumstances" in determining whether to "sustain[] or reject[] an adverse credibility determination." *Id*. at 1137. Here, the sole valid ground involves a discrepancy in the identity of the gang that attacked Fagoaga in February 2014. Although in his credible fear interview, Fagoaga stated that the gang that attacked him in February 2014 was MS-13 and that the gang that attacked him in July 2014 was the 18th Street gang, he testified

4

at the hearing that it was the 18th Street gang that attacked him on both occasions. While this is a significant discrepancy, we conclude that, under the circumstances of this case, it is appropriate to "remand to the BIA to determine in the first instance whether the [valid] factors—considered on their own—suffice to support an adverse credibility determination." *Kumar*, 18 F.4th at 1156.

2. Because we are remanding for the agency to reconsider the adverse credibility determination, we likewise remand to its consideration whether Fagoaga was eligible for asylum or withholding of removal based on political persecution or for relief under the CAT.

**PETITION FOR REVIEW GRANTED AND REMANDED.**